UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

HENRY JAVIER ARTEAGA GARRIDO,

    Petitioner,

v.

MARKWAYNE MULLIN, et al.,

    Respondents.

No. 6:26-CV-131-H

## ORDER

The Fifth Circuit held recently that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *see* 8 U.S.C. § 1225(b)(2)(A). Henry Javier Arteaga Garrido, a native and citizen of Venezuela, is one such alien, having illegally entered the United States five years ago. His habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the Fifth Amendment's Due Process Clause and the Administrative Procedure Act. Dkt. No. 1.

In light of *Buenrostro-Mendez*, Arteaga Garrido's due process claim is the only remaining non-foreclosed issue. But neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Arteaga Garrido are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned.

Because the facts and legal arguments presented in this petition are indistinguishable from those addressed by the Court in many prior cases, "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus.[1] 28 U.S.C. § 2243. Thus, while the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step here. *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The petition (Dkt. No. 1) is denied.

## 1.     Background

In 2021, Arteaga Garrido illegally entered the United States at or near San Luis, Arizona. Dkt. No. 1-3 at 7. Amidst a wave of illegal entries across the U.S.-Mexico border and the resulting lack of detention capacity, immigration officials released Arteaga Garrido into the United States on his own recognizance.[2] *Id.* at 11. Years later, in February 2026, ICE took Arteaga Garrido into custody during a routine check-in. Dkt. No. 1 ¶ 24. He was also served with a Notice to Appear charging him with removability as an alien who is present in the United States without being admitted or paroled. Dkt. No. 1-3 at 7; *see* 8 U.S.C. § 1182(a)(6)(A)(i). He is currently detained without bond at the Eden Detention Center in Eden, Texas. Dkt. No. 1 ¶ 1.

Arteaga Garrido sought a bond hearing before an immigration judge. *See* Dkt. No. 1-3 at 4. But the IJ denied the request for lack of jurisdiction. *Id.* That conclusion followed from the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, which holds

---

[1] *See, e.g.*, *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

[2] Arteaga Garrido's release on recognizance was not a form of admission. *See Goyo Martinez*, 2026 WL 114418, at *3–4, 7.

that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. 29 I. & N. Dec. 216, 220 (BIA 2025).

Because no immigration judge will grant bond, Arteaga Garrido seeks a writ of habeas corpus. Dkt. No. 1. The petition states two claims for relief. First, Arteaga Garrido alleges that his detention without bond violates his substantive and procedural due process rights. *Id.* ¶¶ 46–52. Second, he asserts that re-detaining him without a material change in his circumstances violates the APA. *Id.* ¶¶ 53–59.[3]

## 2.    Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## 3.    Analysis

As noted above, Arteaga Garrido raises two claims in his habeas petition—one involving the Fifth Amendment's Due Process Clause, and another based on the APA.

---

[3] Arteaga Garrido concedes that a statutory challenge is foreclosed. Dkt. No. 1 ¶ 44.

Dkt. No. 1 ¶¶ 46–59. The Court has repeatedly rejected identical arguments. *See supra*, note 1. Still, the Court considers the arguments raised in Arteaga Garrido's petition to address whether bond-less detention violates the Constitution or APA. The answer is no.

### A.    The Due Process Clause does not require the government to give Arteaga Garrido a bond hearing.

First is Arteaga Garrido's claim that the government's refusal to provide a bond hearing violates the Due Process Clause of the Fifth Amendment. Because *Buenrostro-Mendez* did not directly address this question, the Court turns to Arteaga Garrido's arguments. He asserts that his detention without bond violates both his substantive and procedural due process rights. But on either approach, he is not entitled to relief.

Start with substantive due process. That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Muñoz*, 602 U.S. at 911–12. To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention. In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings. In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S.

–4–

510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)).  But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process." *Id.*  Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528.  It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526.  Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.

Arteaga Garrido's procedural due process claim fares no better.  He seeks relief relying on the three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976).[4]  *See* Dkt. No. 1 ¶¶ 35–42.  The *Mathews* test, while common, is not the only tool for resolving procedural due process challenges.  The Supreme Court said as much: "[W]e have never viewed *Mathews* as announcing an all-embracing test for deciding due process claims." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002).  In fact, the "Supreme Court when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews*." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

The application of *Mathews* to Section 1226 cases is "unwarranted on the test's own terms." *Ladak v. Noem*, 814 F. Supp. 3d 712, 725 (N.D. Tex. 2025).  The Supreme Court applied *Mathews* in *Landon v. Plasencia*, emphasizing that its balancing test was appropriate

---

[4] Alternatively, Arteaga Garrido seeks relief based on the Third Circuit's reasonableness analysis in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020).  Dkt. No. 1 ¶ 35.  There, the petitioner was held without bond "for more than two-and-a-half years." 965 F.3d at 206.  Arteaga Garrido's detention is recent, so even assuming a heightened degree of process is appropriate in long-term detention cases, it is not warranted here.

for "long-time lawful permanent resident[s]" in contrast to "detentions of aliens at the border or returning lawful permanent residents who had spent time abroad." *Id.* (citing 459 U.S. 21, 32–34 (1982)). Aliens in the former category have "gain[ed] admission to our country and [have begun] to develop the ties that go with permanent residence," meriting a level of due process more analogous to that of a citizen. *Landon*, 459 U.S. at 32. In the latter category, aliens "request[] a privilege and [have] no constitutional rights." *Id.*; *DHS v. Thuraissigiam*, 591 U.S. 103, 138–39 (2020) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." (quotation omitted)). Critically, aliens who are released into the country pending removal are "treated for due process purposes as if stopped at the border." *Thuraissigiam*, 591 U.S. at 139.

As an "applicant for admission," Arteaga Garrido has "only those rights regarding admission that Congress has provided by statute." *Id.* at 140; *Landon*, 459 U.S. at 32. With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Arteaga Garrido is not entitled to a bond hearing or an ex ante re-detention determination as a matter of procedural due process.

B.    **The APA precludes judicial review of Arteaga Garrido's claim.**

Arteaga Garrido contends that revoking his supervision and re-detaining him violates the APA. *See* Dkt. No. 1 ¶¶ 53–59. Section 704 of the APA states, in no uncertain terms, that "[a]gency action made reviewable by statute and final agency action *for which there is no*

– 6 –

*other adequate remedy in a court* are subject to judicial review." 5 U.S.C. § 704 (emphasis added). Because Arteaga Garrido seeks habeas relief, he unwittingly admits that there is, in fact, an adequate remedy outside of the APA. Moreover, the Supreme Court recently held that "where an alien detainee's claims 'necessarily imply the invalidity of their confinement' these claims must be brought in habeas." *P.B. v. Bergami*, No. 3:25-CV-2978, 2025 WL 3632752, at *9 (N.D. Tex. Dec. 13, 2025) (O'Connor, C.J.) (quoting *J.G.G.*, 604 U.S. at 672). The APA thus does not provide for judicial review of his claim.

To the extent Arteaga Garrido raises an *Accardi* argument within his APA claim, that argument fails, too. *See* Dkt. No. 1 ¶¶ 56, 58. The *Accardi* doctrine requires agencies to follow their own rules and procedures. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Morton v. Ruiz*, 415 U.S. 199, 235 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures."). Merits aside, Arteaga Garrido's *Accardi* argument "is inapposite in a petition for habeas relief." *Huynh v. Noem*, No. 4:26-CV-017, 2026 WL 694481, *3 (N.D. Tex. Mar. 12, 2026) (O'Connor, C.J.). "The Fifth Circuit has confirmed in other contexts that the failure of officials 'to follow their own policies, without more, does not constitute a violation of due process,' making a writ of habeas corpus generally not available." *Nguyen v. Noem*, 797 F. Supp. 3d 651, 664 (N.D. Tex. 2025) (quoting *Iruegas-Maciel v. Dobre*, 67 F. App'x 253, 253 (5th Cir. 2003)). In other words, habeas exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre*, 525 F.2d at 935–36. It is "not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the [alien] can lawfully be detained." *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923). Because Arteaga Garrido must be detained under Fifth

Circuit precedent, *see Buenrostro-Mendez*, 166 F.4th at 498, nothing about the purported regulatory violation calls into question the validity of his confinement. Thus, the Court rejects Arteaga Garrido's *Accardi* argument.

4.     **Conclusion**

In short, Arteaga Garrido, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Id.* Neither the Due Process Clause nor the APA require a bond hearing in these circumstances. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on April 28, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE